IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RUSSELL M. BAKER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| THOMAS J. WIGINGTON, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:10-CV-2700-RWS |

**ORDER**

Plaintiff, *pro se*, is confined in the Rockdale County Jail in Conyers, Georgia (the "Jail"). He has been granted leave to proceed *in forma pauperis* in this case, which is before the Court for a frivolity review under 28 U.S.C. § 1915A.

## I.   The Frivolity Review Standard

A federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face.

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

## II.     Plaintiff's Claims[1]

Plaintiff alleges that he arrived at the Jail on May 18, 2010 and immediately told Lieutenant Nick Lynn that he was dehydrated and hallucinating as a result of his recent use of methamphetamine. Plaintiff requested medical attention and water. He was denied both for four hours until a nurse saw him and told him he was fine.

That same day, Plaintiff was moved into the hi-max section of the Jail and placed in a room with no running water. He was in this room from May 18 to May 22. After seeing the nurse, Plaintiff did not receive further medical treatment or medication

---

[1] The facts are taken from Plaintiff's complaint (Doc. 1) and presumed true for purposes of the frivolity review.

2

for his hallucinations, which continue to this day. Plaintiff seeks $750,000 in damages for permanent brain damage and future medical treatment.

## III.  Analysis

Liberally construed, Plaintiff's claims allege cruel and unusual punishment in violation of the Eighth Amendment. The Fourteenth Amendment's Due Process Clause, rather than the Eight Amendment, applies to the conditions of confinement of pre-trial detainees, but the relevant standards are the same under both Amendments. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

As an initial matter, Plaintiff has not named as defendants in this action any individuals directly involved in any alleged constitutional deprivation. Plaintiff has named only Sheriff Wigington, alleging that he "is involved because this is his Jail and his staff and he continues to let his Jail be run this way." (Compl. ¶ IV.) It is well established, however, that "liability in § 1983 cases cannot be premised solely upon a theory of *respondeat superior*." *Bryant v. Jones*, 575 F.3d 1281, 1299 (11th Cir. 2009). Instead, a supervising official can only be liable in an individual capacity under § 1983 if he or she personally participates in the alleged unconstitutional conduct or when there is a causal connection between his or her actions and the alleged constitutional deprivation. *Id.* Plaintiff has not alleged that Sheriff Wigington

3

personally participated in the allegedly unconstitutional conduct about which he complains, and he has not alleged any actions by Sheriff Wigington causally connected to the alleged conduct. Accordingly, Plaintiff fails to state a claim against Sheriff Wigington upon which relief can be granted.[2]

Even if Plaintiff had alleged Sheriff Wigington's personal involvement in the alleged constitutional violations, Plaintiff has not stated a viable claim. To state a claim that living conditions are unconstitutional, an inmate must allege facts supporting a finding that: (1) the alleged deprivation is objectively serious, *i.e.,* there is a substantial risk of harm; (2) the defendant acted with deliberate indifference to that risk, *i.e.,* he engaged in more than simple negligence; and (3) the defendant's deliberate indifference caused the constitutional deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Inmates must be provided with the basic necessities of life, including "reasonably adequate food,

---

[2] To the extent Plaintiff sues Sheriff Wigington in his official capacity, that is the functional equivalent of suing the county. *See Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1348 (11th Cir. 2003). "A local government [entity] may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but instead can be held liable only if the plaintiff demonstrates that the alleged constitutional deprivation occurred pursuant to a custom or policy of the entity. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has not fairly alleged that any custom or policy led to the alleged constitutional violations.

4

clothing, shelter, and sanitation." *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985) (citation omitted).

Plaintiff has not alleged that he was deprived of the basic necessities of life. Although he alleges that his room in the hi-max section of the Jail did not have running water, he does not allege that he was denied water at any time during the four days he spent in hi-max. Thus, he has not stated a viable claim that his living conditions were unconstitutional for those few days.

Similarly, Plaintiff has not stated a viable claim that Defendant, or anyone else, was deliberately indifferent to an objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (holding that prison officials who delay or deny access to medical care for an objectively serious medical need violate the Constitution). Plaintiff admits that when he requested medical attention for unspecified hallucinations upon arrival at the Jail, a nurse saw him and determined that he was fine. This fact indicates that Plaintiff did not have an objectively serious medical need. Even if Plaintiff had an objectively serious medical need, the four-hour delay in getting him medical care is not actionable given the absence of any allegation that the delay exacerbated his alleged condition. In short, Plaintiff's allegations do not state a viable deliberate indifference claim.

5

**IV.  Conclusion**

For the foregoing reasons, this action is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED** this   22nd   day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge